IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN COMMUNICATIONS, INC., | ) <br> ) CIVIL ACTION NO. 3:17-157 <br> ) |
| Plaintiff, | ) <br> ) JUDGE KIM R. GIBSON |
| v. | ) <br> ) |
| MICHAEL HERMAN, | ) <br> ) <br> ) |
| Defendant and Counterclaim Plaintiff, | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| NORTH AMERICAN COMMUNICATIONS, INC., ROBERT HERMAN, and NICHOLAS ROBINSON, | ) <br> ) <br> ) <br> ) |
| Counterclaim Defendants. | ) <br> ) |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court are Defendant/Counterclaim Plaintiff Michael Herman's Motion for Preliminary Injunctive Relief in the Form of a Temporary Constructive Trust (ECF No. 37) and Motion to Expedite Discovery for Purposes of Motion for Preliminary Injunctive Relief in the Form of a Constructive Trust (ECF No. 39). The motions have been fully briefed (*see* ECF Nos. 38, 43, 44, 50, 51) and are ripe for disposition. For the reasons that follow, the Court will **deny** both motions.

## II. Background

This case arises from the Retirement Agreement that Michael Herman executed with Defendant North American Communications, Inc. ("NAC") in June of 2013, which provided Michael Herman with a retirement benefit of $130,000 per month for ten years. (Answer to Amended Complaint, ECF No. 35 at 13.)

NAC filed suit in this Court seeking a declaratory judgment that (1) Michael Herman violated the Retirement Agreement's non-compete and non-solicitation clauses[1] and that (2) because Michael Herman breached the Retirement Agreement's non-compete and non-

---

[1] This Court previously summarized the facts alleged in NAC's Amended Complaint against Michael Herman as follows:

> In 2016, Herman and two other partners founded IFM.US, LLC ("IFM"), a Delaware corporation with its principal place of business in New Jersey. ([ECF No. 12] at ¶ 26.) IFM is a direct mail and fulfillment company that "competes with NAC." (*Id.* at ¶ 25.) Herman serves as IFM's CEO. (*Id.* at ¶ 30.) Herman invested $15,000 cash in IFM to finance IFM's purchase of a printer and to cover IFM's payroll expenses. (*Id.*) Herman also represented IFM in visits to Fry Communications on at least three occasions in 2016 and conducted business on behalf of IFM using an IFM email account. (*Id.*)
>
> Herman "utilized the services of his former secretary at NAC, Susan Bender, in connection with his participation in IFM." (*Id.* at ¶ 32.) At Herman's request, Bender—a NAC employee—corresponded with IFM's counsel, submitted an invoice to IFM for Herman's travel expenses incurred during his business trips to Fry Communications, and transferred Herman's $15,000 investment to IFM's bank account. (*Id.* at ¶ 33.) . . .
>
> On February 9, 2017, Herman emailed Ms. Bender and offered her a job at IFM. (*Id.* at ¶ 37.) Herman followed up his email with a telephone call. (*Id.* at ¶ 40.) . . .
>
> Herman successfully persuaded his son, Michael R. Herman, to resign from NAC and work for Herman at IFM. (*Id.* at ¶¶ 42-48.) . . .
>
> On April 6, 2017, Michael resigned from IFM, effective April 13, 2017. (*Id.* at ¶ 47.) IFM subsequently hired Michael who, by May 2017, conducted business on IFM's behalf using an IFM email account. (*Id.* at ¶ 49.)

*N. Am. Commc'ns, Inc. v. Herman*, No. CV 3:17-157, 2018 WL 581069 at *2 (W.D. Pa. Jan. 25, 2018).

solicitation clauses, NAC is released from its payment obligations to Michael Herman under the Retirement Agreement. (*See* Amended Complaint, ECF No. 12 at 1.)

Michael Herman counterclaimed against NAC, Robert Herman (Michael Herman's son and the current president of NAC), and Nicholas Robinson (NAC's Chief Executive Officer), asserting the following claims: (1) breach of contract against NAC; (2) alternatively, quantum meruit/unjust enrichment against NAC; (3) alternatively, promissory estoppel against NAC; (4) fraud in the inducement against NAC, Robert Herman, and Nicholas Robinson; (5) negligent misrepresentation against NAC, Robert Herman, and Nicholas Robinson; (6) fraud against NAC, Robert Herman, and Nicholas Robinson; (7) fraudulent and voidable transfer against NAC, Robert Herman, and Nicholas Robinson; (8) conspiracy against Robert Herman and Nicholas Robinson; (9) unlawful, unfair and fraudulent business practice under the California Business and Professions Code against NAC, Robert Herman, and Nicholas Robinson; and (10) declaratory judgment. (Counterclaims, ECF No. 35.)

Shortly after filing his counterclaims, Michael Herman filed a Motion for Preliminary Injunctive Relief in the Form of a Temporary Constructive Trust (ECF No. 37). Michael Herman seeks preliminary injunctive relief in the form of a constructive trust that will last for the duration of this litigation and consist of (1) between $1,600,000 and $3,600,000 (to be determined by the Court), paid for by Robert Herman and Nicholas Robinson, to disgorge them of monies they allegedly inappropriately paid themselves by inflating their salaries at NAC starting in 2014, which prevented NAC from honoring its contractual obligations to Michael Herman under the Retirement Agreement; (2) $5,500,000 in past due amounts owed to Michael Herman

under the Retirement Agreement, paid by NAC; and (3) $130,000 per month for the pendency of the litigation that NAC owes Michael Herman pursuant to the Retirement Agreement. (*See id.* at 1-2.) Michael Herman contends that if the Court fails to impose a constructive trust, Robert Herman and Nicholas Robinson will dissipate NAC's assets in an attempt to become judgment proof and evade NAC's obligation to compensate Michael Herman for the injuries he alleges in his counterclaims. (ECF No. 37 at 5.)

The Court scheduled a date for a preliminary injunction hearing and set a briefing schedule. After reviewing the parties' submissions, the Court finds that a hearing is unnecessary and would waste valuable judicial resources because Michael Herman cannot satisfy the high bar for obtaining a preliminary injunction.

### III. Legal Standard

"Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction." *Lookout Windpower Holding Co., LLC v. Edison Mission Energy*, No. 3:2009-CV-104, 2010 WL 3292690, at *2 (W.D. Pa. Aug. 19, 2010) (Gibson, J.).

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" *Brightwell v. Lehman*, No. CIV A 03-205J, 2007 WL 543047, at *1 (W.D. Pa. Feb. 16, 2007) (Gibson, J.) (quoting *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994)).

"In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: '(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting

relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief.'" *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010)).

"The Third Circuit has further explained that '[w]hile these factors structure the inquiry, no one aspect will necessarily determine its outcome. Rather, proper judgment entails a 'delicate balancing' of all elements.'" *Lookout Windpower Holding Co.*, 2010 WL 3292690, at *2 (quoting *Constructors Ass'n of Western Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978)).

## IV. Discussion

As explained below, after examining the relevant factors and weighing the competing interests, the Court finds that Michael Herman failed to satisfy the high bar of demonstrating that he is entitled to preliminary injunctive relief.[2]

---

[2] Plaintiff argues that the Supreme Court decision in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 506 U.S. 308 (1999) prohibits this Court from granting a preliminary injunction. This Court disagrees. In *Grupo Mexicano*, the Supreme Court held that a federal court lacks the power to issue an injunction that freezes assets in an action for damages when the plaintiff does not claim any equitable interest. *Id.* at 310 ("This case presents the question whether, in an action for money damages, a United States District Court has the power to issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed.") *Grupo Mexicano* does not apply here because Michael Herman seeks both legal and equitable relief from this Court. *See, e.g., In re Brockway Pressed Metals, Inc.*, 363 B.R. 431, 453 (Bankr. W.D. Pa. 2007) (internal citations omitted) (emphasis added) ("Under both Pennsylvania and federal law, a constructive trust is not a real trust but rather an *equitable remedy* utilized to avoid unjust enrichment."); *In re Kamand Constr., Inc.*, 298 B.R. 251, 254 (Bankr. M.D. Pa. 2003) ("constructive trusts arise as an equitable remedy" under Pennsylvania law). Because Michael Herman seeks an equitable remedy and *Grupo Mexicano* does not apply, the Court will analyze the merits of Michael Herman's Motion for Preliminary Injunctive Relief in the Form of a Constructive Trust. *See Berger v. Weinstein*, No. CIV. A. 07-994, 2008 WL 191172, at *10 (E.D. Pa. Jan. 23, 2008) (holding that *Grupo Mexicano* did not apply when plaintiff "sought to invoke both the legal and equitable powers of this Court.")

5

1. **Likelihood of Success on the Merits**

Michael Herman argues that he is likely to succeed on the merits because the evidence he presented via affidavits[3] demonstrates that Robert Herman and Nicholas Robinson unjustly enriched themselves and committed fraud due to their overcompensating themselves "$4.4 million dollars between 2014-2016 while NAC has paid $0 to [Michael] Herman under the Retirement Agreement . . . ." (ECF No. 38 at 11) In response, the Third-Party Defendants assert that Michael Herman's Third-Party Complaint fails to assert a plausible claim for relief because it merely asserts that NAC overpaid Robert Herman and Nicholas Robinson. (ECF No. 43 at 12-13.) The Third-Party Defendants further contend that Michael Herman failed to establish likelihood of success on the merits because he failed to state the elements for any of his counterclaims. (*Id.* at 13.)

The Court finds that this factor weighs against granting a stay. Michael Herman did not analyze the elements of any of his ten counterclaims against the Third-Party Defendants. (*See, generally,* ECF No. 38.) In fact, the argument section of Michael Herman's brief in support of his motion for preliminary injunctive relief fails to even address the majority of his counterclaims, much less demonstrate that he is likely to succeed on the merits of those claims. (*See id.* at 10-12.) Michael Herman's allegation that Robert Herman and Nicholas Robinson paid themselves salaries in excess of the industry standard does not persuade this Court that he is likely to

---

[3] In support of his Motion for Preliminary Injunctive Relief in the Form of a Constructive Trust, Michael Herman filed affidavits from himself (ECF No. 37-1) and his business partner Manny Ortiz (ECF No. 37-2). Ortiz testifies that Robert Herman and Nicholas Robinson paid themselves salaries of $800,000 and $600,000 per year, respectively, despite the fact that the industry standard for similar positions is approximately $200,000 to $250,000 per year. (*Id.* at 2.)

prevail on his counterclaims. Because Michael Herman failed to satisfy his burden, this factor weighs against granting a preliminary injunction.

### 2. Irreparable Harm

Herman asserts that he will suffer irreparable harm if the Court denies his motion for a preliminary junction because Robert Herman and Nicholas Robinson will dissipate NAC's funds, rendering NAC unable to satisfy a judgment that Michael Herman may obtain against it. (*Id.* at 12-13.) In response, the Third-Party Defendants argue that Michael Herman cannot show irreparable harm because money damages could adequately compensate him for the injuries he alleges. (ECF No. 43 at 13-15.)

As the Third Circuit has stated, "[i]n order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (citing *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982)); *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011) (internal quotation marks omitted) (quoting *Frank's GMC Truck Ctr., Inc. v. GMC*, 847 F.2d 100, 102 (3d Cir. 1988) ("a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement."); *see Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2016 WL 7176658, at *3 (W.D. Pa. Dec. 8, 2016) (Gibson, J.) (citing *Minard Run*, 670 F.3d at 255) ("In the absence of exceptional circumstances, economic loss does not qualify as irreparable harm.")

Furthermore, "[e]stablishing a risk of irreparable harm is not enough. A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

Michael Herman failed to establish that he will suffer irreparable harm if this Court denies his motion for a preliminary injunction. Michael Herman's counterclaims arise out of his central allegation that the Third-Party Defendants improperly failed to honor his Retirement Agreement. (*See, generally*, ECF No. 35.) If Michael Herman prevails on his counterclaims, money damages will adequately compensate him for his injuries. For example, if a finder of fact determines that the Third-Party Defendants breached the Retirement Agreement, it could order the Third-Party Defendants to compensate Michael Herman by awarding him expectation damages.[4] Therefore, Michael Herman has failed to convincingly explain why this remedy would be inadequate.

Moreover, Michael Herman has not made a "clear showing of immediate irreparable injury." In fact, he concedes the speculative nature of the alleged harm by equivocally prognosticating that "the harm . . . *may* well be irreparable because the funds *may* be dissipated by NAC, Nick Robinson, and/or Rob Herman." (ECF No. 38 at 13.) Michael Herman's conjectures of potential harm fail to rise to the level of "immediate irreparable injury" required

---

[4] *See, e.g., Crown Coal & Coke Co. v. Powhatan Mid-Vol Coal Sales, L.L.C.*, 929 F. Supp. 2d 460, 471 (W.D. Pa. 2013) (Cercone, J.) (noting that under Pennsylvania law, "expectation damages are the preferred approach [in breach of contract cases] because they place the injured party in the position that would have resulted from receiving the benefit of the bargain.")

8

for the Court to grant the "extraordinary remedy" of a preliminary injunction. *See Lehman*, 2007 WL 543047, at *1.

### 3. Harm to the Non-Moving Party and the Public Interest

Herman contends that the harm to the Third-Party Defendants is minimal and that granting a preliminary injunction would serve the public interest because a constructive trust would merely cement the status quo "as it would have been in 2014" before Robert Herman and Nick Robinson orchestrated their scheme to drain funds from NAC by inflating their salaries. (ECF No. 38 at 14.) In response, the Third-Party Defendants contend that granting a preliminary injunction would "cause unrecoverable harm to NAC" and violate the public interest because it would likely "render the company and its owners insolvent with no option but to terminate all employees and cease all operations." (ECF No. 43 at 15.)

The Court finds that the harm that the Third-Party Defendants may suffer if the Court were to grant the preliminary injunction is greater than any benefit that Michael Herman would likely receive. Specifically, the Court agrees with NAC that forcing the company out of business would represent a far greater harm to NAC than the benefit that an injunction would bring to Michael Herman. The Court further finds that granting a preliminary injunction would likely frustrate the public interest because NAC would be forced to close its doors and leave its employees unemployed. Accordingly, these factors strongly weigh towards denying preliminary injunctive relief.

## V. Conclusion

After weighing the relevant factors and considering the competing interests, the Court finds that all four factors weigh against granting the preliminary injunction. Accordingly, the Court finds that Michael Herman failed to satisfy his heavy burden to demonstrate that the circumstances of this case warrant granting a preliminary injunction.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTH AMERICAN COMMUNICATIONS, INC., Plaintiff, | ) ) ) ) ) | CIVIL ACTION NO. 3:17-157 JUDGE KIM R. GIBSON |
| v. | ) ) | |
| MICHAEL HERMAN, Defendant. | ) ) ) ) | |

## ORDER

**NOW**, this 8th day of March, 2018, upon consideration of Michael Herman's Motion for Preliminary Injunctive Relief in the Form of a Temporary Constructive Trust (ECF No. 37) and Motion to Expedite Discovery for Purposes of Motion for Preliminary Injunctive Relief in the Form of a Constructive Trust (ECF No. 39), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** as follows:

1. The Motion for Preliminary Injunctive Relief in the Form of a Temporary Constructive Trust (ECF No. 37) is **denied.** Accordingly, the Preliminary Injunction Hearing currently scheduled for March 14, 2018 at 1:30 p.m. is **cancelled**.

2. Additionally, the Motion to Expedite Discovery for Purposes of Motion for Preliminary Injunctive Relief in the Form of a Constructive Trust (ECF No. 39) is **denied as moot.**

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE