# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN COMMUNICATIONS, INC.,<br>　　　Plaintiff<br><br>　　v.<br><br>MICHAEL HERMAN,<br>　　　Defendant and<br>　　　Counterclaim-Plaintiff<br><br>　　v.<br><br>NORTH AMERICAN COMMUNICATIONS, INC., ROBERT HERMAN and NICHOLAS ROBINSON<br>　　　Counterclaim-Defendants | :<br>:　No. 3:17-cv-157-KRG<br>:<br>:<br>:<br>:　JUDGE GIBSON<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT AND COUNTERCLAIM-PLAINTIFF MICHAEL HERMAN'S ANSWERS AND OBJECTIONS TO INTERROGATORIES OF NORTH AMERICAN COMMUNICATIONS, INC. DIRECTED TO DEFENDANT – FIRST SET

Defendant and Counterclaim-Plaintiff, Michael Herman ("Herman"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby objects to and answers Plaintiff and Counterclaim-Defendant North American Communications, Inc.'s First Set of Interrogatories as follows:

To the extent the "Definitions and Instructions" set forth in the Interrogatories differ from or exceed the requirements of the Rules of Civil Procedure, they are hereby objected to.

## ANSWERS TO INTERROGATORIES

1. Identify each individual with knowledge of facts concerning your defenses and claims as set forth in the Answer to Amended Complaint, Affirmative Defenses and Counterclaims (including Rule 19/20 Third Party Complaint), as well as your Amended Counterclaims and describe the knowledge you believe that each of these person possesses.

**ANSWER:** Other than counsel, Mike Hermann

10. Identify each individual who participated in the formation of IFM US, LLC, as well as any and all officers, directors, owners, employees, and/or subcontractors of IFM.

**ANSWER:** Mr. Herman lacks full knowledge to Answer this interrogatory as he did not personally form IFM or directly participate in its formation, but Manny Ortiz would have been involved. In further answer, IFM was formed to, among other things, purchase a particular piece of equipment from Fry Communications. *See,* Response to RFP No. 4, which is incorporated by reference. Mr. Herman reserves the right to update this Answer.

11. In Paragraph 33 of your Amended Counterclaims you state "IFM was not even incorporated until December 2016 and engaged in no business that could arguably be considered competitive with NAC until, at the earliest, March 2018. Mr. Herman does not own IFM, nor manage, operate or control its daily operations." With respect to such allegations, please state each fact or circumstance which you contend supports these contentions, identify each witness with knowledge relative to these contentions, and identify each document which discusses, refers to, or in any way pertains to the information contained in said allegations.

**ANSWER:** *See,* the Declarations submitted by Manny Ortiz and Mr. Herman in this matter which have been filed on the docket to the extent they discuss IFM. *See,* Response to RFP No. 4 which is incorporated by reference. In further response, ==Mr. Herman, in a consultative role, has provided advice and services regarding the management and operations of IFM and has done==

5

so since its founding, although he does not control or manage the daily operations of IFM and it is his understanding that to date IFM has not engaged in any revenue producing business that is competitive with NAC. In further answer, Mr. Herman loaned $15,000 to IFM in or about May 2017 and helped arrange for funding for IFM to purchase equipment from Fry Communications in or about January 2017 as well as funding for other capital needs. Mr. Herman is willing to discuss a stipulation to the above facts in order to efficiently limit the need for burdensome and costly discovery in this matter. More detailed information can properly be addressed in depositions. Mr. Herman reserves the right to update this Answer.

12. In Paragraph 71 of your Amended Counterclaims you state that Counterclaim Defendants Robinson and Herman "directed NAC to pay themselves approximately $6,400,000 in compensation collectively between 2014-17 which compensation was excessive by, at a minimum, $3,600,000. . . ." With respect to such allegation, please state each fact or circumstance which you contend supports this contention, identify each witness with knowledge relative to this contention, and identify each document which discusses, refers to, or in any way pertains to the information contained in said allegation.

**ANSWER:** Mr. Herman objects to this Interrogatory as premature since discovery is just beginning and detailed knowledge of the payments at issue are primarily in the possession of NAC, Rob Herman and Nick Robinson – some of which have bene produced in discovery, but Mr. Herman has not seen them as they were produced as AEO (although incomplete for 2017, the records produced show payments between 2014-2017 that exceed the above amount). Without waiving this objection, among others, Rob Herman and Nick Robinson as well as NAC employees such as the CFO and Linda Cavanaugh and Manny Ortiz are witnesses with knowledge. In further Answer, *see* Docs 37-2 and 45-1. In further answer, it is anticipated that this will be the subject of

Case 3:17-cv-00157-SLH   Document 84-1   Filed 05/08/19   Page 5 of 6

## VERIFICATION

I, Michael Herman, hereby state that the foregoing discovery responses are true and correct to the best of my knowledge, information and belief.

DATED: June 12, 2018

_____
MICHAEL HERMAN

6074473.1



## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2018, a true and correct copy of the foregoing document was served by Electronic Mail and United States mail, first class, postage prepaid, upon the following:

Stephanie DiVittore
William Boak
BARLEY SNYDER LLP
213 Market Street, 12th Floor
Harrisburg, PA 17101

6074473.1