# EXHIBIT 4

Edward F. Borden, Jr.
eborden@earpcohn.com
*Admitted to practice in New Jersey and Pennsylvania*
*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney and a Criminal Trial Attorney*





July 11, 2018

**VIA EMAIL AND FEDERAL EXPRESS**
Stephanie E. DiVittore, Esquire
Barley Snyder
213 Market Street, 12th Floor
Harrisburg, PA 17101

    Re:    North American Communications, Inc. v. Herman
             United States District Court for the Western District of
             Pennsylvania, Docket No. 17-cv-157

Dear Ms.DiVittore:

    Logan Marketing Group, LLC ("Nonparty"), a nonparty in the above-captioned matter, pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, and without waiving any further objection or assertion of privilege to any specific request, hereby objects to Plaintiff's subpoena *dues tecum* dated June 12, 2018 as follows.

    All responses are made without waiving or intending to waive, but on the contrary, intending to preserve and preserving the following:

    1.    All questions as to competency, relevance, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action;

    2.    The right to object to the use of any of the responses herein in any subsequent proceeding, or the trial of this or any other action on any ground;

    3.    The right to object on any ground, at any time, to the demand for further responses to this subpoena or other discovery procedures involving or relating to the subject matter of this subpoena;

---

REPLY TO:

Earp Cohn P.C.
Attorneys at law
www.earpcohn.com

NEW JERSEY OFFICE
20 Brace Road, Suite 400
Cherry Hill, NJ 08034
t 856.354.7700
f 856.385.7060

PENNSYLVANIA OFFICE
123 S. Broad Street, Suite 1[?]
Philadelphia, PA 19109
t 215.963.9520
f 856.385.7060

EXHIBIT 4
WIT: MOrtiz
DATE: 11-9-18
Dutcheen Cameron, RMR, CRR

4. The attorney-client, work product and other privilege of Nonparty. Accordingly, any inadvertent production of any privileged information shall not constitute a waiver of said privileges; and

5. Nonparty assumes that when the subpoena contains the name "Michael Herman" (as opposed to "Michael R. Herman"), it refers to the Michael Herman who is a defendant in the captioned action.

## GENERAL OBJECTIONS

1. Nonparty objects to each request to the extent that it seeks information concerning or that is in the possession, custody or control of Plaintiff.

2. Nonparty objects to each request to the extent that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3. Nonparty objects to each request to the extent that it is overly broad, unduly burdensome, unreasonably cumulative, duplicative, oppressive and vexatious.

4. Nonparty objects to each request to the extent that it is vague or incomprehensible within the context of this litigation.

5. Nonparty objects to each request to the extent that it is compound in nature and unclear as to the specific information desired.

6. Nonparty objects to request to the extent that the information sought is obtainable from sources other than Plaintiff, is known to Plaintiff, or ample opportunities exist to obtain the information sought from other parties by other more appropriate means.

7. Nonparty reserves the right to amend its responses to this subpoena.

## DOCUMENT REQUESTS AND RESPONSES

1. A list of owners, officers and employees of Logan Marketing Group, LLC ("Logan Marketing").

**RESPONSE:** Nonparty objects to this request as overbroad and because such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty. Subject to the specific objections and the general objections set forth above, Nonparty states that neither Michael Herman nor IFM.US, LLC holds or ever held any ownership interest and is not now and never was an officer or employee of Nonparty. Maria Herman, Michael Herman's spouse, owns a 25.4 % interest in Nonparty, but is not and never was an officer or employee.

2. Any and all correspondence from Logan Marketing Group, LLC owners, officers and/or employees to or from Michael Herman, or upon which Michael Herman was copied or blind-copied, referencing the formation or operations of IFM.US, LLC.

**RESPONSE:** Subject to the general objections set forth above, responsive documents will be produced.

3. Copies of any and all loan or financial obligations owed by Logan Marketing that are secured, guaranteed or signed by Michael Herman or any entity in which Michael Herman has an ownership interest including, without limitation, Bariloche Adventura, Ltd., Bear Air, LLC, Bear Air Holdings, Inc., Berthaphil, Inc., ChiefEast, LLC and/or National Marketing Development Corp.

**RESPONSE:** Nonparty objects to this request as overbroad and because such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty or any of the named entities. Consequently, Nonparty declines to produce any such materials.

4.    Any and all payroll or other financial records for Logan Marketing which list or indicate payments to Michael Herman.

**RESPONSE:** Nonparty objects to this request as overbroad and because such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty. Subject to the general and specific objections set forth above, Nonparty does not possess responsive documents.

5.    Correspondence to or from Michael Herman regarding requests for wiring of funds to or from Logan Marketing.

**RESPONSE:** Nonparty objects to this request as overbroad and because as such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty.  Subject to the specific objections and the general objections set forth above, Nonparty does not possess responsive documents.

6.    Documents relating to payments, by Logan Marketing, to Crownair Aviation.

**RESPONSE:** Nonparty objects to this request as overbroad and because as such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty or Crownair Aviation.  Subject to the specific objections and the general objections set forth above, Nonparty does not possess responsive documents.

7.   Documents relating to payments to or from Michael Herman for transportation, consulting or other services or goods.

**RESPONSE:** Nonparty objects to this request as overbroad and because as such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty. Subject to the specific objections and the general objections set forth above, Nonparty does not possess responsive documents.

8.   Documents relating to payments by or on behalf of Logan Marketing to entities in which Michael Herman has an ownership interest including, without limitation, Bariloche Adventura, Ltd., Bear Air, LLC, Bear Air Holdings, Inc., Berthaphil, Inc., ChiefEast, LLC and/or National Marketing Development Corp.

**RESPONSE:** Nonparty objects to this request as overbroad and because as such documents are not relevant to claims in this case and not reasonably calculated to lead to the discovery of admissible evidence since there is no allegation of any actionable conduct by Nonparty or the listed entities. Subject to the specific objections and the general objections set forth above, Nonparty does not possess responsive documents.

Sincerely,

Edward F. Borden, Jr.

EFB/CPM
cc:   David Berardinelli, Esquire (*via email only*)