IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN COMMUNICATIONS, INC., <br>　　　　　Plaintiff, <br><br>　　v. <br><br>MICHAEL HERMAN, <br>　　　　Defendant and Counterclaim-Plaintiff, <br><br>　　v. <br><br>NORTH AMERICAN COMMUNICATIONS, INC., ROBERT HERMAN, and NICHOLAS ROBINSON, <br>　　　　Counterclaim-Defendants | NO. 3:17-cv-00157-KRG <br><br> JUDGE GIBSON <br><br><br><br><br><br><br><br><br> **FILED ELECTRONICALLY** |

## RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL HERMAN'S MOTION FOR PROTECTIVE ORDER TO PREVENT OR LIMIT THE DEPOSITION OF MARIA HERMAN

Plaintiff/Counterclaim-Defendant North American Communications, Inc. ("NAC"), and Counterclaim-Defendants Robert Herman and Nicholas Robinson, by and through their undersigned attorneys, Barley Snyder LLP, file this Response in Opposition to the Motion for Protective Order to Prevent or Limit the Deposition of Maria Herman filed on behalf of Maria and Michael Herman.

NAC filed its First Amended Complaint in this case on November 20, 2017, asserting that Defendant breached the terms of a Retirement Agreement between him and NAC by owning, managing, operating, controlling or otherwise participating in IFM.US, LLC, a direct mail business competing with NAC. In response, Defendant denied that he was a partner, member or shareholder

6969828.1

in IFM. Defendant further denied that IFM was engaged in any direct mail business. Defendant also denied taking any action on behalf of IFM.

During discovery concerning NAC's claims of unlawful competition via IFM, it was discovered that Defendant was also breaching the non-competition provisions of the Agreement by working with third party IBS Direct. Defendant's business associate Emanuel Ortiz provided a copy of a press release to NAC on April 17, 2018 which indicated that Logan Marketing Group purchased IBS Direct. NAC was aware that Logan Marketing Group was a business with ties to Emanuel Ortiz, but NAC did not know its specific ownership or structure. In July, 2018, NAC learned that Maria Herman, Defendant's wife, owns a 25.4% interest in Logan Marketing Group. There is thus evidence that Defendant not only engaged in unlawful competition via IFM, but was engaged in unlawful competition via IBS Direct and Logan Marketing, business in which his wife has an ownership interest.

On March 4, 2019, this Court issued a Sealed Memorandum Opinion and Order permitting NAC to file a Second Amended Complaint and engage in certain discovery. On March 19, 2019, NAC filed its Second Amended Complaint that included allegations of breach of the Agreement based upon improper competition through IBS Direct and Logan Marketing.

Prior to the expiration of the original discovery deadline, NAC deposed Defendant, Emanuel Ortiz and Mary Ortiz, Emanuel Ortiz's wife. NAC also sought to depose former IFM employees Michael R. Herman (Defendant's son), Stephanie Ortiz (Emanuel Ortiz's daughter-in-law) and Patrick Donahue. Defendant originally agreed to produce these witnesses outside the discovery deadline for scheduling purposes, but subsequently objected. Thus NAC, prior to the original discovery deadline, deposed only three witnesses.

6969828.1

With respect to the discovery following filing of the Second Amended Complaint, NAC served subpoenas for the production of documents on several entities owned by Defendant and Emanuel Ortiz.  NAC deposed Michael R. Herman and Stephanie Ortiz and conducted a brief, less than one hour, second deposition of Emanuel Ortiz.  NAC issued a subpoena for the deposition of Patrick Donahue currently being scheduled.  NAC initially indicated it sought to re-depose Defendant concerning the new allegations in the Second Amended Complaint, but now withdraws that request.  The only additional deposition NAC seeks is the deposition of Maria Herman, Defendant's wife and admitted owner of a business that is not only competing with NAC, but a business that has announced its intention to grow its footprint by the continued acquisition of direct mail businesses and competitors of NAC.

The deposition of Maria Herman should be permitted.  As an owner in a competing business, NAC should be permitted to question her concerning her involvement including, without limitation, the timing of her investment in Logan Marketing, its acquisition of NAC direct competitor IBS Direct, her participation in the business, her knowledge of the industry, the plans with the Ortiz family and her husband, the Defendant, to compete with NAC and target its customers, the source of the funding for her investment.  All of this information is directly relevant to NAC's claims in this case.

While NAC submits that prejudice in the form of the witness's time is not relevant where, as here, she is a participant in a targeted and intentional plan to put NAC out of business with its unlawful competition, any such prejudice can be minimized.  In that respect, NAC is willing to conduct Maria Herman's deposition in Pittsburgh, the Philadelphia area or any other location in Pennsylvania to minimize her travel.  NAC submits, moreover, that this deposition will be relatively brief anticipating three hours or less.  With respect to the allegation that the deposition

3

will serve only to tread into irrelevant areas, NAC agrees that the deposition topics will be limited to the above-listed categories and other allegations set forth in the Second Amended Complaint and Defendant's response thereto.

Defendant's assertion that NAC is not entitled to depose Maria Herman because Defendant admits that she is an owner in Logan Marketing and that Logan Marketing and IBS Direct are engaged in competition similarly does not provide a basis for a protective order to preclude Maria Herman's deposition. NAC is entitled to explore the improper and unlawful competition. This includes a deposition of his wife and owner of the competing businesses. For these reasons, a brief deposition of competing business owner and spouse of Defendant at a location convenient for the witnesses should be permitted.

WHEREFORE Plaintiff/Counterclaim-Defendant North American Communications, Inc., and Counterclaim Defendants Robert Herman and Nicholas Robinson respectfully requests that Michael Herman's Motion for Protective Order to Prevent or Limit the Deposition of Maria Herman Filed on Behalf of Maria and Michael Herman.

    Respectfully submitted,
    BARLEY SNYDER LLP

May 15, 2019    By: /s/ *Stephanie DiVittore*
    Stephanie DiVittore, Esquire
    Pa. I.D. No. 85906
    William C. Boak, Esquire
    Pa. I.D. No. 203506
    213 Market Street, 12th Floor
    Harrisburg, PA 17101
    Phone: 717.233.5731
    wboak@barley.com

    *Attorneys for Plaintiff and Counterclaim-Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019, a true and correct copy of the foregoing document was served electronically on the following:

David J. Berardinelli, Esquire
DeForest Koscelnik Yokitis & Berardinelli
3000 Koppers Building
Pittsburgh, PA 15219
*Attorneys for Defendant*

I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ Molly Schneider