IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| NORTH AMERICAN | ) | |
|---|---|---|
| COMMUNICATIONS, INC., | ) | CIVIL ACTION NO. 3:17-157 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| MICHAEL HERMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

I. Introduction

Before the Court are Defendant-Counterclaimant Michael Herman's Motion to Compel North American Communications, Inc. to Provide Overdue Discovery Responses and Production and for Sanctions (ECF No. 83) and Motion for Protective Order to Prevent or Limit Deposition of Maria Herman Filed on Behalf of Maria and Michael Herman. (ECF No. 84.) These Motions are fully briefed and ripe for disposition. (*See* ECF Nos. 85, 86.) For the following reasons, the Court will **GRANT** Herman's Motion to Compel and **GRANT** his Motion for Protective Order **IN PART**.

II. Background

This case arises from Defendant Michael Herman's relationship with his former employer, Plaintiff and Counterclaim-Defendant North American Communications, Inc. ("NAC"). (ECF No. 12 ¶ 1.) NAC alleges that Mr. Herman violated his retirement agreement with NAC by engaging in competing business activities through IFM.US, LLC ("IFM")—one of NAC's competitors. (*Id.* ¶¶ 25-30.)

The initial scheduling order in this case required the parties to complete fact discovery no later than September 28, 2018. (ECF No. 21.) The parties jointly moved the Court to extend the period for fact discovery to November 9, 2018. Then, in early 2019, after briefly reaching a tentative settlement agreement (*see* ECF No. 67), NAC argued that it needed additional time to complete certain fact discovery. (ECF No. 70.) Mr. Herman opposed this request. (*Id.*) NAC sought discovery related to two entities through which Mr. Herman allegedly competed with NAC—IBS Direct ("IBS") and Logan Marketing Group ("Logan"). (ECF No. 75 at 5.) NAC alleges that Mr. Herman violated his retirement agreement through his involvement with IBS and Logan. (*Id.* at 6.) NAC's Complaint only mentioned his competition through IFM, not IBS or Logan. (*See* ECF No. 12.) NAC argued that it was unaware of Mr. Herman's involvement in IBS and Logan until July 2018, when it learned that Mr. Herman's wife, Maria Herman, owned a 25.4% share of Logan. (*Id.* at 4.)

After ordering briefing on the disputed issues, the Court issued a Sealed Memorandum Order and Opinion on March 4, 2019 that (1) granted leave for NAC to file an amended complaint containing allegations related to IBS and Logan, and (2) extended the fact-discovery period to May 28, 2019. (ECF No. 80 at 11.) Subsequently, NAC filed its Second Amended Complaint (ECF No. 81) and Mr. Herman filed his Answer. (ECF No. 82.) Then, on May 8, 2019, Mr. Herman filed the instant Motions.

First, in his Motion to Compel and for Sanctions (ECF No. 83), Mr. Herman seeks to compel responses to written discovery. (*Id.* at 1-2.) NAC did not respond to Mr. Herman's interrogatories and requests for production of documents. (*Id.* at 1.) Mr. Herman notes that the discovery failures resulted from the noncompliance of NAC and its principals, not NAC's

2

counsel. (*Id.* at 3 n.4.) Thus, Mr. Herman also seeks sanctions against NAC. (*Id.*) He asks that the Court sanction NAC by ordering it to pay Mr. Herman's costs in filing his Motion to Compel or by prohibiting it from claiming that it suffered damages related to competition from IBS and Logan Marketing. (*Id.* at 3.)

In response, NAC admits that it failed to timely respond to Mr. Herman's written discovery requests. (ECF No. 86 at 1.) NAC argues, however, that sanctions are not appropriate because the responses are less than ten days late and because there is no suggestion that NAC destroyed evidence or intentionally failed to comply with Mr. Herman's requests. (*Id.* at 2.)

Second, in his Motion for Protective Order (ECF No. 84), Mr. Herman argues that NAC should not be entitled to depose Mr. Herman's wife, Maria Herman. (*Id.* at 1-2.) Mr. Herman argues that the deposition of Mrs. Herman is inappropriate because it would be unnecessary, unreasonably cumulative, unduly expensive, and disproportionate to the needs of this case. (*Id.* at 7.) He argues that Maria Herman's deposition is unnecessary because Mr. Herman already admitted allegations related to IBS and Logan in his responses to discovery and Answer to NAC's Second Amended Complaint. (*Id.* at 7-8.) Mr. Herman also argues that "any communications between Mr. and Mrs. Herman, even on these arguably relevant topics, are protected from discovery by the spousal communications privilege and any testimony adverse to Mr. Herman is protected by the adverse testimony spousal privilege." (*Id.* at 7.) Mr. Herman contends that, at minimum, the Court should preclude NAC from seeking testimony from Maria Herman on questions that call for privileged spousal communications and issues unrelated to the alleged improper competition pled in NAC's Second Amended Complaint. (*Id.* at 8.)

3

In response, NAC argues that it should be allowed to explore details of Maria Herman's involvement with IBS and Logan. (ECF No. 85 at 3.) NAC argues that it is entitled to this testimony even though Mr. Herman admitted that Maria Herman was involved with IBS and Logan. (*Id.* at 4.) NAC further represents that the deposition of Maria Herman will be brief and be limited to relevant testimony. (*Id.*)

### III. Jurisdiction

The Court has jurisdiction over this case under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within the Western District of Pennsylvania.

### IV. Standard of Review

#### A. Motion to Compel and for Sanctions

Federal Rule of Civil Procedure 26 provides the general framework for discovery in federal civil litigation. Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* FED. R. EVID. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

4

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. *See* FED. R. CIV. P. 37. The party moving to compel discovery under Rule 37 bears the initial burden of proving the relevance of the material requested. *See Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the party resisting discovery to establish that discovery of the material requested is inappropriate. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

Federal Rule of Civil Procedure 37 authorizes the Court to levy sanctions when a party fails to comply with discovery deadlines. *See* FED. R. CIV. P. 37(b)(3)(B)(iv); *Yoder v. Frontier Nursing Univ., Inc.*, No. 17-cv-18, 2018 WL 1524395, at *1 (W.D. Pa. Mar. 28, 2018) (Gibson, J.). Under Rule 37(d), "[t]he court where the action is pending may . . . order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response. FED. R. CIV. P. 37(d)(1)(A). "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including

attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[1] FED. R. CIV. P. 37(d)(3).

### B. Motion for Protective Order

Federal Rule of Civil Procedure 26(c) authorizes a person or party resisting discovery to move for a protective order. If the movant establishes good cause for such an order, then the court may impose restrictions on the extent and manner of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citation omitted). This injury, too, must be shown with specificity; "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not establish good cause. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citation omitted). Additionally, Rule 26(b)(2)(C) provides that—on motion or its own initiative—the court must limit the extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(B).

---

[1] Rule 37 authorizes the Court to impose sanctions other than the imposition of expenses for a party's failure to respond to discovery requests. FED. R. CIV. P. 37(d)(3). The Court in may issue an order: (1) directing that the matters embraced in the order or other designated facts be taken as established for the purpose of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in who or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in party; (6) rendering a default judgment against the disobedient party; or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. FED. R. CIV. P. 37(b)(2)(A).

6

## V. Discussion

### A. The Court Will Grant Mr. Herman's Motion to Compel and Assess Sanctions Against NAC for its Failure to Respond to Written Discovery

In its response to Mr. Herman's Motion to Compel, NAC admits that it did not serve timely responses to Mr. Herman's written discovery requests. (ECF No. 86 at 1-2.) NAC admits that "Defendant [Mr. Herman] is entitled to an Order compelling NAC to produce the discovery responses, Answers to Interrogatories, and responsive documents." (*Id.* at 2.) Accordingly, the Court will **GRANT** Mr. Herman's Motion to Compel (ECF No. 83) and order NAC to respond to Mr. Herman's outstanding discovery requests.

NAC maintains, however, that sanctions are not appropriate in this case. The Court disagrees. Rule 37 requires that "[i]nstead of or in addition to [the sanctions listed in Rule 37(b)(2)(A)], the Court *must* require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added).

Here, NAC represents that it is "working on the discovery responses." (ECF No. 86 at 2.) However, this does not justify its failure to timely respond to Mr. Herman's discovery requests. NAC does not explain why it was unable to timely respond to the discovery requests or why it did not seek an extension from the Court. And the Court is not aware of other circumstances that make an award of expenses unjust. Accordingly, the Court finds that NAC must pay Mr.

Herman's reasonable expenses, including attorney fees, for the filing of his Motion to Compel.[2] The Court will not assess further sanctions.

The Court finds that NAC and its principals must bear these expenses, rather than NAC's counsel. There is no evidence that NAC's counsel caused NAC's failure to respond to Mr. Herman's discovery requests. Rather, it appears that NAC and its principals were responsible for its failure to respond. (ECF No. 83 at 3 n.2, 4; ECF No. 86 at 2.) Mr. Herman only seeks sanctions against NAC and its principals, and not against its counsel. (ECF No. 83 at 3 n.2, 4.)

### B. The Court Will Partially Grant Mr. Herman's Motion for Protective Order— NAC is Permitted to Conduct a Limited Deposition of Maria Herman

The Court finds that Mr. Herman is entitled to a partial protective order that limits the scope of NAC's deposition of Maria Herman. The Court appreciates Mr. Herman's arguments— (1) that Maria Herman's deposition will be unnecessary, unreasonably cumulative, and unreasonably expensive and (2) that her deposition may implicate spousal privilege. Nonetheless, the Court finds that NAC is entitled to conduct a limited deposition of Maria Herman.

First, given the extensive discovery that has already been conducted in this case, there is a possibility that Maria Herman's deposition could be duplicative of evidence already in the record. *See* FED. R. CIV. P. 26(b)(1). Mr. Herman points out that he already admitted several allegations related to Maria Herman in his Answer to NAC's Second Amended Complaint.

---

[2] Under Rule 37(d)(1)(B), "[a] motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." FED. R. CIV. P. 37(d)(1)(B). Here, Mr. Herman attached emails to his Motion to Compel showing his counsel's exchange about this discovery dispute with NAC's counsel. (ECF No. 83 at 2.) Therefore, the Court finds that Mr. Herman attempted to confer with opposing counsel to resolve this discovery dispute.

Specifically, Mr. Herman admitted that Maria Herman was a part-owner of Logan Marketing. (ECF No. 82 ¶ 26.) His Answer also explains Mr. Herman's role and involvement with Logan Marketing and IBS. (*Id.*)

This record evidence does not preclude NAC from exploring additional details about Mr. Herman's role and involvement with Logan Marketing and IBS. While Mr. Herman's Answer describes his involvement with IBS and Logan, the Court finds that NAC is entitled to Maria Herman's supplemental testimony on these matters. However, NAC may not seek unnecessarily cumulative or duplicative information about Logan Marketing and IBS. And NAC may not seek testimony on matters that do not relate to the alleged improper competition pled in its Second Amended Complaint.

In its response to Mr. Herman's Motion for Protective Order, NAC states that it anticipates Maria Herman's deposition lasting three hours or less. Accordingly, to further limit the burden on the parties, the Court will limit the deposition of Maria Herman to no longer than one day. *See* FED. R. CIV. P. 30(d).

Second, the Court recognizes that Maria Herman's deposition may implicate spousal privileges under Pennsylvania law. "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law provides the rule of decision." FED. R. EVID. 501. This diversity case involves a breach-of-contract claim under Pennsylvania law. Accordingly, Pennsylvania's privileges apply.

"There are two spousal privileges under Pennsylvania law that may apply in a civil action: the privilege not to testify against one's spouse, 42 PA. CONS. STAT. § 5924, and the privilege not to testify about confidential communications between spouses, 42 PA. CONS. STAT. § 5932."

9

*Carroll v. Student Transp., Inc.*, No. 10-1439, 2011 WL 382563, at *2 (E.D. Pa. Feb. 7, 2011) (citing *Brown v. Scafidi*, 839 F. Supp. 342, 344 (E.D. Pa. 1993)). The Court finds that both privileges may apply in this case. However, the Court will not limit the scope of Maria Herman's deposition on privilege grounds. The Third Circuit has noted that "any marital privilege can be sufficiently protected through traditional objections made at the deposition." *Murphy v. Fed. Ins. Co.*, 206 F. App'x 143, 146-47 (3d Cir. 2006); *see also Sapko v. Ringgold Area Sch. Dist.*, Civ. A. No. 06-893, 2007 WL 3023956, at *1-2 (W.D. Pa. Oct. 12, 2007). Accordingly, the Court will not issue a protective order on privilege grounds. Rather, "if Defendant wishes to assert a spousal privilege, it must do so at the time [of the] deposition." *Carroll*, 2011 WL 382563, at *3.

In conclusion, the Court will **GRANT** Mr. Herman's Motion for Protective Order (ECF No. 84) **IN PART**. NAC is entitled to take the deposition of Maria Herman, subject to the following constraints: (1) it may not seek testimony that is unnecessary, unreasonably cumulative, and duplicative of evidence already in the record or testimony unrelated to the allegations of improper competition in NAC's Second Amended Complaint; and (2) the deposition may not last more than one day.

V.  **Conclusion**

For the foregoing reasons, the Court will **GRANT** Mr. Herman's Motion to Compel (ECF No. 83) and **GRANT** his Motion for Protective Order (ECF No. 84) **IN PART**.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN COMMUNICATIONS, INC., | ) <br> ) CIVIL ACTION NO. 3:17-157 <br> ) |
| Plaintiff, | ) <br> ) <br> ) JUDGE KIM R. GIBSON |
| v. | ) <br> ) |
| MICHAEL HERMAN, | ) <br> ) |
| Defendant. | ) <br> ) |

## ORDER

AND NOW, this 28th day of May, 2019, upon consideration of Defendant-Counterclaimant Michael Herman's Motion to Compel NAC to Provide Overdue Discovery Responses and Production and for Sanctions (ECF No. 83) and Motion for Protective Order to Prevent or Limit Deposition of Maria Herman Filed on Behalf of Maria and Michael Herman (ECF No. 84), **IT IS HEREBY ORDERED** as follows:

1. Mr. Herman's Motion to Compel NAC to Provide Overdue Discovery Responses and Production and for Sanctions (ECF No. 83) is **GRANTED**. NAC shall issue responses to Mr. Herman's discovery requests. Further, all costs and expenses, including attorney fees, incurred by Mr. Herman in the filing of his Motion to Compel are assessed to NAC. Mr. Herman shall file via CM/ECF a document setting forth his itemized costs and expenses related to the instant Motion to Compel **on or before June 10, 2019**. NAC may file objections to this itemization **on or before June 20, 2019**;

2. Mr. Herman's Motion for Protective Order to Prevent or Limit Deposition of Maria Herman (ECF No. 84) is **GRANTED IN PART** and **DENIED IN PART**. NAC is permitted to take the deposition of Maria Herman. However, the Court will limit her deposition in that (1) NAC may not seek testimony that is unnecessary, unreasonably cumulative, and duplicative of evidence already in the record or testimony unrelated to the allegations of improper competition in NAC's Second

Amended Complaint ; and (2) the deposition may not last more than one day. Mr. Herman's Motion for Protective Order is denied in all other respects; and

3. The period to conduct discovery is hereby extended for the limited purpose of completing written discovery and conducting the deposition of Maria Herman. The parties shall complete this outstanding fact discovery no later than **June 24, 2019**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**